UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

Plaintiff,

v.

KING COUNTY SUPERIOR COURT, et al.,

Defendants.

CASE NO. 2:26-cv-03137-BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge S. Kate Vaughan's Report and Recommendation (R&R), recommending that the Court deny pro se plaintiff John Demos's proposed complaint, Dkt. 1, and dismiss the case without prejudice and without leave to amend. She correctly concludes that Demos failed to pay the filing fee or apply to proceed *in forma pauperis*, and that because Demos is a serial, vexatious litigant, he has been subject to a Bar Order in this District since 1992. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992). That Order limits Demos to three

*in forma pauperis* applications in a given calendar year, and Demos has already exceeded that limit, having filed seventeen such application in January 2026 alone. Dkt. 2. At 2.

Demos objects to the R&R. Dkt. 3. He appears to suggest that Judge Vaughan's R&R is "ultra retaliatory" because he recently filed a judicial misconduct claim against her and intends to have her impeached. Dkt. 3 at 1. He does not address the substance of the R&R or the Bar Order, or the number of IFP applications he has filed this year.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Demos's objections are without substantive or logical merit, and they are **OVERRULED**. The R&R is **ADOPTED**, and this matter is **DISMISSED**.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge